**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4394**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFERY ALLEN MCCURDY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:21-cr-00014-TSK-MJA-1)

———————

Submitted:  December 20, 2022                    Decided:  December 22, 2022

———————

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Elizabeth B. Gross, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Stephen Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffery Allen McCurdy appeals his 37-month sentence for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), challenging only the adequacy of the district court's response to his sentencing arguments.  We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007).  Where, as here, the defendant "presents nonfrivolous reasons for imposing a sentence outside the [Sentencing] Guidelines [range], the sentencing judge must address or consider those arguments and explain why he has rejected them."  *United States v. Powers*, 40 F.4th 129, 137 (4th Cir. 2022) (internal quotation marks omitted).  Critically, though, "[a]ppellate review is not a game of 'Gotcha!' where we tally up the number of distinguishable arguments a defendant mentioned in the district court and then comb the sentencing transcript for proof the district court mentioned each one by name."  *Id.*  "Rather, when a district court addresses a defendant's central thesis, it need not address separately every specific claim made in support."  *Id.* (cleaned up).

Contrary to McCurdy's argument on appeal, our review of the sentencing transcript confirms that the district court sufficiently responded to McCurdy's claims based on his struggles with alcohol abuse and mental health, his disadvantaged childhood, and his allegedly overstated criminal history category.  Furthermore, the court made abundantly clear that the most important sentencing factor was the seriousness of the offense—during which McCurdy recklessly threatened a tow-truck driver with a shotgun—thus eliminating any doubt as to why the court found McCurdy's mitigation arguments unpersuasive.  *See*

2

*United States v. Lester*, 985 F.3d 377, 388 (4th Cir. 2021) ("[W]e do not evaluate a court's sentencing statements in a vacuum, but pay attention to the context surrounding a district court's explanation in reviewing whether non-frivolous arguments are addressed or considered by a sentencing judge." (cleaned up)).

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*